OPINION
{¶ 1} Appellant/Cross-Appellee Mark K. O'Brien appeals from his divorce in the Delaware County Court of Common Pleas. Appellee/Cross-Appellant Theresa L. O'Brien is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on July 13, 1985. On November 16, 2000, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim on December 14, 2000. The trial was conducted before the magistrate over the course of three days in early December 2001. On January 3, 2002, the magistrate issued a decision recommending the granting of a divorce and, inter alia, disposition of real estate. On January 17, 2002, both appellant and appellee filed separate objections to the decision of the magistrate. On January 28, 2002, the magistrate issued an amended decision. On May 10, 2002, the magistrate issued findings of fact and conclusions of law. On May 23, 2002, appellant filed objections to the magistrate's amended decision. Appellee did likewise on May 24, 2002.
 {¶ 3} On July 17, 2002, the trial court issued a judgment entry adopting the magistrate's decision and amended decision. On August 2, 2002, appellant filed his notice of appeal, and herein raises the following nine Assignments of Error:
 {¶ 4} "I. The court erred to the prejudice of the appellant and abused its discretion in failing to independently review and discuss the objections to the magistrate's decision filed by the appellant and in failing to rule specifically on the appellant's objections and supplemental objections to the magistrate's decision and amended magistrate's decision.
 {¶ 5} "II. The court erred to the prejudice of the appellant and abused its discretion in repeatedly permitting the appellee to introduce testimony for the purpose (sic) attempting to show the bad character of the appellant in derrogation (sic) of Ohio Rule of Evidence 608(b).
 {¶ 6} "III. The trial court erred to the prejudice of the appellant and abused its discretion by establishing spousal support without first considering all the factors as set forth in 3105.18 and3105.171 and, in particular, the need of the court to consider the parties' position after the division of assets before considering the issue of the propriety of spousal support.
 {¶ 7} "IV. The court erred to the prejudice of the appellant and abused its discretion in it's (sic) determination of the level of income that the husband and wife should be found to make and in making a determination setting support on an imputed amount for husband without making a finding that the appellant was voluntarily underemployed.
 {¶ 8} "V. The court erred to the prejudice of the appellant and abused its discretion by failing to divide the parties' assets and liabilities in an equitable fashion.
 {¶ 9} "VI. The court erred to the prejudice of the appellant and abused its discretion in finding that the appellant was in contempt for failing to comply with certain temporary orders.
 {¶ 10} "VII. The court erred to the prejudice of the appellant and abused its discretion in its award of attorneys fees and accountant's fees.
 {¶ 11} "VIII. The trial court erred to the prejudice of the appellant and abused its discretion in adopting findings of fact and conclusions of law that are not supported by the record and were nothing more than the proposed fidings (sic) of the appellee without so much as changing the words or font of the appellee's type.
 {¶ 12} "IX. The trial court erred to the prejudice of the appellant and abused its discretion in inserting matters into the final magistrate's decision where there was no proper supplementation of the record."
 {¶ 13} Appellee has filed a cross-appeal, and herein raises the following six Assignments of Error:
 {¶ 14} "I. The trial court abused its discretion and erred as a matter of law in making orders which are inconsistent with the findings of fact and conclusions of law herein.
 {¶ 15} "II. The trial court abused its discretion and erred as a matter of law in failing to affect an equal and/or equitable division of the parties' marital property.
 {¶ 16} "III. The trial court abused its discretion and erred as a matter of law in imputing income of $20,000 to appellee for child support calculation purposes.
 {¶ 17} "IV. The trial court abused its discretion and erred as a matter of law in awarding a level of spousal support which failed to recognize the standard of living of the parties established during the marriage.
 {¶ 18} "V. The trial court abused its discretion and erred as a matter of law in failing to make appropriate orders for the health care needs of the parties' minor children.
 {¶ 19} "VI. The trial court abused its discretion and erred as a matter of law by failing to make provision for the cost of the minor children's private schooling."
 Appellant's Direct Appeal I. {¶ 20} In his First Assignment of Error, appellant maintains the trial court erred in not specifically ruling on appellant's objections to the magistrate's decision. We agree.
 {¶ 21} Civ.R. 53 governs magistrates' decisions. It provides in pertinent part:
 {¶ 22} "(E) Decisions in referred matters
 {¶ 23} " * * *
 {¶ 24} "(4) Court's action on magistrate's decision
 {¶ 25} "(a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 {¶ 26} "(b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
 {¶ 27} In Dorton v. Dorton (May 22, 2000), Delaware App. No. 99CAF11061, we held that because of the mandatory language used in Civ.R. 53(E)(4) and due to the chronology of the rule's requirements, a trial court is required to specifically rule on objections to a magistrate's decision before adopting, rejecting, or modifying said decision. We stated: "The Judgment Entry indicates the trial court recognized appellant's objections to the magistrate's decision, but failed to specifically rule on said objections. Appellee argues this Court should read the trial court's silence on each objection to mean each of appellant's objections had been overruled. But for the mandatory nature of the above cited rule, we would adopt that inference under the presumption of regularity. However, in light of the mandatory nature of the rule and the fact the trial court did not specifically address any of appellant's objections, we sustain appellant's first assignment of error."
 {¶ 28} In the case sub judice, the trial court's judgment entry of July 17, 2002, first recited the main procedural events of the case, then concluded as follows:
 {¶ 29} "The Court has reviewed the Decision of the Magistrate and Amended Decision of the Magistrate, the objections filed by the parties, and the transcript in this case. The Court finds no error of law or other defect on the face of the Decision. The Court incorporates by reference the Magistrate's Decision of January 3, 2002 and the Amended Magistrate's Decision of January 28, 2002 and makes same the Judgment of the Court. It is therefore ORDERED, ADJUDGED, AND DECREED that the Magistrate's Decision of January 3, 2002 and Amended Magistrate's Decision of January 28, 2002 is adopted and judgment is entered accordingly." Judgment Entry at 1-2.
 {¶ 30} We find our rationale in Dorton applicable to the above judgment entry under appeal in the case sub judice, especially where both appellant and appellee have filed independent objections to the magistrate's decisions. We further note the trial court's incorrect utilization of the "defect on the face" language of Civ.R. 53(E)(4)(a), which is intended for situations in which no objections are filed. We herein reiterate that a trial court must specifically state whether it is overruling or sustaining any, all, or part of any duly filed objections to a magistrate's decision, as per Civ.R. 53(E)(4)(b).
 {¶ 31} Appellant's First Assignment of Error is therefore sustained.
 II., III., IV., V., VI., VII., VIII., IX. {¶ 32} In light of our disposition of appellant's First Assignment of Error, the remaining Assignments of Error are hereby found premature.
 Cross-Appeal I., II., III., IV., V., VI. {¶ 33} In light of our disposition of appellant's direct appeal, the Assignments of Error in the cross-appeal are also hereby found premature.
 {¶ 34} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J. Hoffman, P.J., and Edwards, J., concur.